IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| QUINCARLETON MILES<br><br>Plaintiff,<br><br>vs.<br><br>ERNESTO LOPEZ, JAVIT BRIDGES, DEBRA PEACOCK, GENNIE BRIGGS, CORTEZ SCOTT, BILL MASSEE, AND BALDWIN COUNTY SHERIFF'S OFFICE,<br><br>Defendants. | CIVIL ACTION<br>FILE NO.: |

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

COMES NOW, PLAINTIFF QUINCARLETON MILES, AND HEREBY ALLEGES AND COMPLAINS AS FOLLOWS:

### INTRODUCTION

1. This is an action for damages for deprivation of Federal Civil Rights [42 U.S.C. §§1983, 1985, 1986, 1988] brought by Plaintiff Quincarleton Miles (hereinafter referred to as Plaintiff) for violation of rights under the Eighth and Fourteenth Amendments to the United States Constitution, and under the laws of the State of Georgia on the pendent jurisdiction of this Court to hear and decide claims arising under state law.

2. The matter in controversy exceeds $75,000, exclusive of interest and costs.

## PARTIES

3. Plaintiff, at all times relevant to this complaint, was a citizen of the United States, and a resident of the State of Georgia.

4. Defendants ERNESTO LOPEZ, JAVIT BRIDGES, DEBRA PEACOCK, GENNIE BRIGGS AND CORTEZ SCOTT, at all times relevant to this Complaint, were working as sheriff's officers or deputies at Baldwin County Jail in Baldwin County, Georgia. These defendants are sued in their individual capacities and in their official capacities.

5. Defendant BILL MASSEE, at all times relevant to this Complaint, was Sheriff of Baldwin County, Georgia and is sued in his individual capacity.

6. Defendant Baldwin Count Sheriff's Office, at all times relevant to this Complaint, is a municipal body in the State of Georgia. Jurisdiction and venue as to Defendant Baldwin County, Georgia in this court are proper.

7. At the time Defendants undertook the activities alleged herein they were acting under color of law.

8. Jurisdiction and venue as to all Defendants in this court are proper.

## FACTUAL ALLEGATIONS

9.  On December 16, 2012, Plaintiff was an inmate housed in the Baldwin County Jail. Plaintiff was in H-Dorm watching a football game. He had taken his tray to the door and thereafter Officer Lopez (hereinafter referred to as Defendant Lopez) entered H-Dorm and said to Plaintiff "you got something to say to me." Before Plaintiff could respond, Defendant Lopez threw Plaintiff against the wall, grabbed him around the neck and took him to the floor. Deputy Scott (hereinafter referred to as Defendant Scott), Officer Briggs (hereinafter referred to as Defendant Briggs) and Officer Peacock (hereinafter referred to as Defendant Peacock) came to assist Defendant Lopez and they handcuffed Plaintiff and escorted him to an isolation cell.

10. When Defendants entered the isolation cell with Plaintiff, Plaintiff said to Defendant Lopez that he didn't have to do him like that in front of all of those people. Plaintiff and Defendant Lopez were exchanging words when Officer Bridges (hereinafter Defendant Bridges) came into the cell and told them to calm down. Defendant Peacock, Defendant Briggs and Defendant Scott were trying to calm Defendant Lopez and hold him back from Plaintiff. Defendant Lopez broke away from the other Defendants and struck Plaintiff in the eye with enough force to cause Plaintiff to pass out.

11. The force used by Defendant Lopez against Plaintiff in socking him in the eye was intentional, excessive and not applied in a good-faith effort to maintain or restore discipline at Baldwin County Jail. Instead, it was used and applied maliciously and solely for the purpose of causing Plaintiff harm.

12. When Defendant Lopez initially went into Plaintiff's dorm and immediately began to use force against Plaintiff, there was no need for such force, other than anger on the part of Defendant Lopez for a perceived personal offense he felt Plaintiff committed.

13. When Defendant Peacock, Defendant Briggs and Defendant Scott came into the dorm, joined Defendant Lope in his use of force against Plaintiff and escorted Plaintiff to isolation as punishment, there was no need for application of force against Plaintiff because any disturbance that existed was created and caused by Defendant Lopez when he entered the dorm and grabbed Plaintiff by the throat.

14. Plaintiff was not presenting any threat to the safety or security of any jail staff or other inmates when Defendants utilized force against him maliciously and sadistically solely for the purpose of harming him for any perceived personal offense felt by Defendant Lopez, rather than to in efforts to maintain or restore discipline.

15. Defendant Peacock, Defendant Briggs and Defendant Scott made no efforts to diffuse the situation when they entered the dorm. Instead they simply joined Defendant Lopez and began participating in his use of force against Plaintiff.

16. Even though Defendant Peacock, Defendant Briggs and Defendant Scott and Defendant Bridges were aware of the intensity of anger that Defendant Lopez was exhibiting against Plaintiff, they held Plaintiff as Defendant Lopez struck him with enough force to knock Plaintiff out.

17. As a result of Defendant Lopez's severe blow to Plaintiff's face, Plaintiff suffered a facial fracture, specifically an orbital floor fracture, a corneal abrasion, hyphema of the right eye and strabismus, mechanical, from musculofascial disorder. Plaintiff had to be transported to the hospital for medical treatment and surgery.

18. The force used against Plaintiff was excessive and in violation of Plaintiff's Eighth Amendment right not to be subject to cruel and unusual punishment, including the right not to be assaulted or beaten without legal justification while incarcerated. Defendants' intentional and willful violation of this right caused Plaintiff's injuries and damages as alleged herein.

19. Defendant Baldwin County Sheriff's Office had such a longstanding practice of permitting its officers and deputies to use excessive

force on inmates incarcerated in Baldwin County Jail without significant repercussions that the practice had acquired the force of law, as was evidence by the ease with which all of the officers and deputies participated on the night that Plaintiff was beaten to the point of needing surgery.

20. Prior to Plaintiff's beating, Baldwin County Sheriff's Office had persistent complaints about the abuses of officers and deputies within the jail including threats, improper conduct and inappropriate contact with inmates. In fact, at least one other inmate stated that he was "terrified of" Defendant Lopez, and "really is scared of him."

21. The practice of use of excessive force was so persistent that Defendant Massee, the Sheriff's Office policy-maker either knew of it or should have known of it. The flagrant rampant use of force against inmates at Baldwin County Jail were of such continued duration that Sheriff Massee was put on notice of the need to take corrective action; yet, he failed to do so.

22. After Defendant Lopez maliciously, sadistically and deliberately fractured Plaintiff's face, he swore out a criminal warrant against Plaintiff charging Plaintiff with felonies of terroristic threats and acts and obstruction of a law enforcement officer. Defendant Peacock, Defendant Briggs and Defendant Scott and Defendant Bridges supported Defendant

Lopez in bringing these actions against Plaintiff. Plaintiff prevailed on the prosecution of these actions against him.

## COUNT I
## 42 U.S.C. § 1983 AGAINST DEFENDANTS LOPEZ, PEACOCK, BRIGGS, SCOTT AND BRIDGES EXCESSIVE USE OF FORCE UNDER THE EIGHTH AMENDMENT

23. Plaintiff repeats and re-alleges paragraphs 1 through 22 as though set forth here verbatim and incorporates said paragraphs herein by reference.

24. Defendants Lopez, Peacock, Briggs, Scott and Bridges violated Plaintiff's federal constitutional rights under the Eighth Amendment of the United States Constitution not to be subjected to cruel and unusual punishment by the intentional use of excessive force under color of law as previously alleged herein.

25. Defendants intentional actions directly and proximately caused injuries and damages to Plaintiff, as alleged herein.

26. Pursuant to 42 U.S.C. § 1983, Plaintiff is entitled to recover damages from Defendants Lopez, Peacock, Briggs, Scott and Bridges for future medical care, past and future physical pain and suffering, disfigurement, and discomfort, inability or diminished ability to work,

mental and emotional distress, and all compensatory and general damages permitted by law.

27. The activities of Defendants Lopez, Peacock, Briggs, Scott and Bridges were extreme and outrageous, and were done with malice or reckless indifference to plaintiff's federally protected rights; therefore, plaintiff is entitled to recover punitive damages in addition to compensatory damages.

## COUNT II
## 42 U.S.C. § 1983 LIABILTY AGAINST
## BALDWIN COUNTY SHERIFF'S OFFICE

28. Plaintiff repeats and re-alleges paragraphs 1 through 27 as though set forth here verbatim and incorporates said paragraphs herein by reference.

29. Defendant Baldwin County Sheriff's Office is liable to Plaintiff because it maintained official customs and practices that caused Defendants to violated Plaintiff's Eighth Amendment rights as previously alleged.

30. These customs, policies and practices were developed and maintained even though they exhibited deliberate indifference to the constitutional rights of inmates in Baldwin County Jail and were the moving force behind plaintiff's injuries.

## COUNT III
## 42 U.S.C. § 1983 LIABILTY AGAINST BILL MASSEE

31. Plaintiff repeats and re-alleges paragraphs 1 through 30 as though set forth here verbatim and incorporates said paragraphs herein by reference.

32. Defendant Massee was the supervisor of Defendants Lopez, Peacock, Briggs, Scott and Bridges and policy-making official for the use of force policies and procedures at Baldwin County Sheriff's Office.

33. As a result of the above descried customs, practices and policies, Defendants believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be seriously or adequately investigated or sanctioned, but would be tolerated.

## COUNT IV
## STATE LAW CLAIMS AGAINST DEFENDANT LOPEZ
## ASSAULT AND BATTERY

34. Plaintiff repeats and re-alleges paragraphs 1 through 33 as though set forth here verbatim and incorporates said paragraphs herein by reference.

35. The acts of Defendant Lopez in initially throwing Plaintiff against the wall, grabbing him around the neck and taking him to the floor, as well as the act of socking Plaintiff in the eye with enough force to cause

injuries that required surgery were an assault and battery on Plaintiff and were a proximate cause of the injuries and damages to plaintiff as alleged herein.

## COUNT V
## MALICIOUS PROSECUTION AGAINST DEFENDANTS LOPEZ, PEACOCK, BRIGGS, SCOTT AND BRIDGES

36. Plaintiff repeats and re-alleges paragraphs 1 through 34 as though set forth here verbatim and incorporates said paragraphs herein by reference.

37. The criminal prosecution of Plaintiff for terroristic threats and acts and obstruction of a law enforcement officer was maliciously carried on by defendants without any probable cause and under circumstances such that a reasonable person would believe that Defendants who accused Plaintiff has no reason for proceeding except the desire to further injure Plaintiff and unlawfully use the criminal system to cover their illegal use of force against Plaintiff.

## DEMAND FOR ATTORNEYS' FEES AND COSTS

38. As a result of the acts, omissions and wrongs of Defendants, Plaintiff had to retain the services of attorneys to address the constitutional injuries suffered at the hands of Defendants. Plaintiff has incurred, and will continue to incur, attorneys' fees and costs. Pursuant to 42 U.S.C. § 1988

*[signature: Marilyn Plunkett Quail]*

Marilyn Plunkett Quail - GA Bar No. 885764
Renay Francine Bloom - GA Bar No. 064209

BLOOM MONTREUIL & QUAIL
Attorneys at Law
125 Plantation Centre Drive
Building 500, Suite D
PO Box 26865
Macon, GA 31221-6865
Phone:     (478) 288-5656
Fax:  (678) 202-5050
mpquail@bmqlaw.com
bloom@bmqlaw.com
Attorneys for Plaintiff QUINCARLETON MILES

and applicable Georgia law, Plaintiff demands recovery of all reasonable attorneys' fees and costs from Defendants.

WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them, for each cause of action, as follows:

1. For compensatory damages in excess of $75,000;

2. For general damages including, but not limited to, damages for physical pain and suffering, disability, disfigurement, discomfort, and any such physical harm plaintiff is reasonably certain to experience in the future; mental and emotional distress, impairment of reputation, personal humiliation, and any related harm that plaintiff is reasonably certain to experience in the future in excess of $1,000,000;

3. For punitive damages on Counts I, III, IV and V;

4. For reasonable attorneys' fees, expenses and costs;

5. For prejudgment interest according to proof;

6. For any such other monetary damages permitted by law;

7. For such other and further relief as the Court deems appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by twelve (12) person jury on each claim alleged, and on all issues triable as a matter of right by jury.

Respectfully submitted this 14th day of December 2014